UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHELE RENEE COLEY, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 12-1653 (EGS) |
| BANK OF AMERICA CORP., et al. | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Michele Renee Coley, proceeding *pro se*, brings this action alleging, *inter alia*, fraud, deceptive practices, and unfair business practices against Bank of America Corp., successor to Countrywide Financial Corp., Morris Hardwick Schneider (hereinafter "MHS"), and Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"). Pending before the Court are motions to dismiss filed by Bank of America and MHS pursuant to Rule 12(b)(6). Upon consideration of the motions, the opposition and replies thereto, the applicable law, and the record as a whole, the Court **GRANTS** Defendants' motions to dismiss. Additionally, Ms. Coley has failed to state a claim against MERS. The Court dismisses this action against MERS, *sua sponte*.

1

## I. BACKGROUND

On April 13, 2007, Plaintiff Michele Renee Coley, a Washington D.C. resident, was issued a $247,000 mortgage loan by Countrywide Home Loans, Inc., which was later bought by Defendant Bank of America. Am. Compl. ¶¶ 7; Bank of America's Mot. to Dismiss (hereinafter "BAC Mot. to Dismiss") at 3. The mortgage loan, a 30-year fixed rate loan secured by real property located at 734 Kenyon Street NW, Washington, D.C. 20010, was reduced to a Deed of Trust and Promissory Note. Am. Compl. ¶¶ 31-33; BAC Mot. to Dismiss at 3. According to Ms. Coley, the payment term ensured that the bulk of her monthly payment would be applied to interest and that there would be very little principal reduction in the first 15 years. Am. Compl. ¶ 41.

Ms. Coley alleges that the manner in which the loan was issued was fraudulent because Defendants failed to determine whether she would be able to repay the loan. *Id.* ¶¶ 42-46. Specifically, she alleges that the originator of the loan created a fictional income figure to obtain approval for the loan. *Id.* ¶ 38. She also alleges that the loan had a 68.87% loan-to-value ratio, which made it "toxic." *Id.* Plaintiff claims that this type of loan is likely to strain the borrower, and notes that Defendant never advised her of the risks associated with the loan. *Id.* ¶¶ 51-53. Finally, she alleges

that Defendants "breached their duty to [her] because [they] knew, or should have known, that [she] would, or had a strong likelihood of defaulting on this loan." *Id.* ¶ 56.

At an unspecified time after the loan was issued, Ms. Coley applied for a loan modification, which was denied. Am. Compl. ¶ 36. Plaintiff alleges that there was an offer and acceptance of the modification, but it did not ultimately take place. *Id.* According to Plaintiff, the reason for the denial was that Bank of America either did not have possession of the note or could not locate it. *Id.* ¶ 37. On or about October 12, 2009, Plaintiff defaulted on her loan. BAC Mot. to Dismiss at 4. Notice of the Foreclosure Sale was recorded among the land records in Washington, D.C. on November 4, 2009. However, prior to the sale, Bank of America canceled the sale. It has not since sought to foreclose on the property. *Id.*

Plaintiff filed a lawsuit against Defendant Bank of America on October 5, 2012. Bank of America filed a motion to dismiss pursuant to Rule 12(b)(6). Plaintiff filed an opposition Defendant's motion to dismiss as well as a motion to strike. In those pleadings, Plaintiff raised new claims sounding in fraud and pursuant to the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692, and the Real Estate Settlement Procedures Act (hereinafter "RESPA"), 12 U.S.C. § 2601 *et seq.* Given the obligation of the Court to construe *pro*

*se* filings liberally, the Court ordered Plaintiff to file an Amended Complaint stating clearly all of her claims against Defendant. *See* April 12, 2013 Minute Order. Plaintiff filed an Amended Complaint on May 13, 2013 and added MHS and MERS as Defendants. Both Bank of America and MHS have filed a motion to dismiss Plaintiff's Amended Complaint as well as a motion to strike Plaintiff's Opposition to their motions to dismiss. Those motions are now ripe for determination by this Court.

**II. STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To be viable, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The plaintiff need not plead all of the elements of a prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), nor must the plaintiff plead facts or law that match every element of a legal theory. *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000).

However, despite these liberal pleading standards, to survive a motion to dismiss, "a complaint must contain

4

sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Twombly*, 550 U.S. at 562. A claim is facially plausible when the facts pled in the complaint allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). While this standard does not amount to a "probability requirement," it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The court must also give the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (internal citations omitted). Nevertheless, a court need not "accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Id.* Further, "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949.

5

Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94 (internal quotation marks and citations omitted), it too "must plead 'factual matter' that permits the court to infer "more than the mere possibility of misconduct.'" *Atherton*, 567 F.3d at 681-82 (quoting *Iqbal*, 129 S.Ct. at 1950).

**III. DISCUSSION**

Defendant Bank of America argues that Plaintiff's Amended Complaint should be dismissed on the grounds that she has failed to state a claim and because certain of her claims are time barred. BAC Mot. to Dismiss at 8. Defendant MHS argues that Plaintiff's Amended Complaint should be dismissed as to it because the Amended Complaint fails to even mention it, except to name it as a Defendant. MHS Mot. to Dismiss at 5. The Court agrees with respect to both motions to dismiss. Even assuming the facts alleged in Plaintiff's Amended Complaint are true, and giving Plaintiff the "benefit of all reasonable inferences," *Aktieselskabet AF 21. November 21 v. Fame Jeans*, 525 F.3d 8, 17 (D.C. Cir. 2008) (internal citations and quotation marks omitted), the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

Under the Federal Rules of Civil Procedure, a plaintiff must meet "a minimal pleading standard to ensure that the adverse party is reasonably informed of the asserted causes of

action such that he can file a responsive answer and prepare an adequate defense." *McCarter v. Bank of New York*, 873 F. Supp. 2d 246, 249 (D.D.C. 2012). Specifically, Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Though this standard is fairly liberal, pleadings that: (1) are "confused and rambling narrative[s] of charges and conclusions;" (2) are "untidy assortment[s] of claims that are neither plainly nor concisely stated;" or (3) fail to allege "even with modest particularity the dates and places of alleged transactions" must be dismissed. *Poblete v. Goldberg*, 680 F. Supp. 2d 18, 19 (D.D.C. 2009) (quoting *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977)).

Plaintiff's 48-page Amended Complaint is largely devoted to broad generalizations about the banking industry as well as a lengthy discussion of how MERS operates. *See generally* Am. Compl. Many of the allegations are so overbroad that Defendants could not possibly discern the factual basis for those claims or properly respond. With respect to Defendant MHS, Plaintiff does not even make a single allegation referencing the firm in the entire Amended Complaint.

In Count One, Plaintiff seeks declaratory relief, claiming that Defendants "did not have the right to initiate foreclosure proceedings on the Subject Property" because the loan was a

"flip" prohibited by District of Columbia law and because they "did not properly comply with applicable statutes regarding filing of all transfer documents prior to foreclosure." Am. Compl. ¶¶ 159, 161. Ms. Coley also alleges that Defendants illegally foreclosed on her property pursuant to Executive Law § 63(12), a New York state statute that she claims renders the Power of Sale Clause in the Deed of Trust inoperative. *Id.* ¶¶ 163-66. She also seeks relief against Bank of America's "foreclosure Attorney." *Id.* ¶ 163. Plaintiff does not identify the "foreclosure attorney" and it is unclear whether she intends this to be a reference to MHS. These allegations seem to be based on Ms. Coley's contention that Bank of America's cancelled foreclosure of her property was pursuant to an assignment of the Deed of Trust by MERS. *Id.* ¶¶ 12-16.

Bank of America argues that it has never claimed standing to foreclose on the basis of a purported assignment of rights facilitated by MERS. BAC Mot. to Dismiss at 5. Instead, Bank of America's right to foreclose arose from its merger with Countrywide, pursuant to which it was the successor to any interest that Countrywide had in Plaintiff's loan. *Id.* 5-6. Additionally, Defendant argues that Plaintiff has failed to cite to any law, regulation, or legal precedent that would empower a Court to strike a Power of Sale clause from a Deed of Trust. *Id.* at 6.

The Court agrees and finds that Plaintiff has failed to plead any facts that plausibly support a claim for declaratory relief. Not only is Plaintiff's focus on MERS misplaced, but she has failed entirely to state any claim regarding the alleged foreclosure of her property to justify the Court voiding the Power of Sale in the Deed of Trust. Ms. Coley apparently concedes that Bank of America did not actually foreclose on her property, arguing that "courts have recognized a cause of action for wrongful attempted foreclosure when foreclosure action was commenced, but not completed, where plaintiff[s] have shown that a defendant knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions and that damages were sustained as a direct result." Am. Compl. ¶ 14. Even if the Court were to recognize such an action, Plaintiff has not stated any facts regarding untrue and derogatory statements published by any Defendant.

In Count II, Plaintiff alleges that Defendants engaged in deceptive acts or practices because they attempted to defraud her with a "non-judicial foreclosure without proof of the true Promissory Note's existence, or having the Security Deed Properly Assigned or retained." Am. Compl. ¶ 171. Bank of America again argues that this claim should be dismissed because Plaintiff seems to believe that MERS was somehow involved in the attempted foreclosure of her property. BAC Mot. to Dismiss at

9

6. The Court agrees – Bank of America initiated foreclosure proceedings on Ms. Coley's property pursuant to its merger with Countrywide, not because of an allegedly faulty assignment through MERS.

Plaintiff purports to plead a claim for unfair and deceptive business practices pursuant to "General Business Law § 349" in Count III. Am. Compl. ¶ 180. As Bank of America points out, that is a New York statute which does not apply in this jurisdiction. BAC Mot. to Dismiss at 6. Because Ms. Coley claims that Defendants failed to properly underwrite her loan and failed to follow accepted appraisal guidelines, Am. Compl. ¶¶ 178-180, the Court will construe Count III as a claim for fraud. As such, the claim is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). However, Plaintiff has made no factual allegations against Defendants to raise her right to relief above a speculative level, much less with the requisite particularity to meet the standards of Rule 9(b). She has not provided specific dates when fraudulent statements were made to her, nor does she describe the nature of those statements. Under such circumstances, the Court "need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012)

(internal citations omitted). *See also Carter v. Bank of America*, 888 F. Supp. 2d 1, 14-15 (D.D.C. 2012) (dismissing fraud claims in an almost identical complaint where plaintiff failed to plead the elements of common law fraud and instead set forth a number of conclusory allegations); *McCarter*, 873 F. Supp. 2d at 250 (same).

In Count IV, Plaintiff seeks to Quiet Title to her property and to forever enjoin Bank of America "from asserting any estate, right, title, or interest" in the property that is adverse to her own. Am. Compl. ¶ 185. Again, Plaintiff has stated no basis for such prospective declaratory relief nor has she offered any facts to suggest that her quiet enjoyment of the property has been disturbed. Thus, this claim is also dismissed. *See Diably v. Bierman*, 795 F. Supp. 2d 108, 111-13 (D.D.C. 2011) (dismissing a quiet title claim under similar circumstances).

Plaintiff makes fleeting references to the Truth in Lending Act (hereinafter "TILA"), 15 U.S.C. § 1601 *et seq.*, and RESPA throughout her Amended Complaint. To the extent that she seeks to state a claim pursuant to those statutes, her claims are time-barred. Claims brought under TILA must be brought within a year of the violation for money damages or within three years of the violation for rescission. 15 U.S.C. § 1640(e). For the purposes of the statute, a TILA action accrues "no later than

the settlement date" of the loan.  *Lawson v. Nationwide Mortg. Corp.*, 628 F. Supp. 804, 807 (D.D.C. 1986) (internal citations omitted).  Similarly, RESPA actions must be brought within one year of the violation.  21 U.S.C. § 2614.

Finally, despite a lengthy discussion of how MERS operates, Plaintiff has failed to state a claim – either explicitly or implicitly – against Defendant MERS anywhere in the Amended Complaint.  Accordingly, the Court will dismiss the claims pending against MERS as well.

**IV. CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Defendants' Motions to Dismiss and **DENIES** Defendant Bank of America's Motion to Strike as moot.  An appropriate order accompanies this memorandum opinion.

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**March 31, 2014**